
Orrick, Herrington & Sutcliffe LLP

2100 Pennsylvania Avenue, N.W.
Washington, DC 20037

+1 202 339 8400

**orrick.com**

Melanie L. Bostwick

E  mbostwick@orrick.com
D  +1 202 339 8483
F  +1 202 339 8500

June 27, 2024

*Via CM/ECF*

Jarrett B. Perlow
Circuit Executive & Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

   Re: *In re Apple Inc.*, No. 24-129

Dear Mr. Perlow:

  Resonant's supplemental authority, *In re Chamber of Commerce*, No. 24-10463, --- F.4th ---, 2024 WL 3042100 (5th Cir. June 18, 2024), does not establish that the district court erred in its analysis of the court-congestion factor, as Resonant claims.  Ltr. 1.

  The district court relied on *In re Google LLC* for a rule applicable in "*patent cases.*"  58 F.4th 1379, 1383 (Fed. Cir. 2023) (emphasis added).  Where as here, the patentee "lacks a position in the market under threat," time-to-trial differences are not given weight.  Appx25.  *Chamber of Commerce* did not "overrule" *Google* on this point.  *Contra* Ltr. 1.  Resonant relies on a single paragraph from the *Chamber of Commerce* decision for a purported overruling of *Google*, but the opinion does not even mention *Google* or the patent-law principle involved.  Nor does it say anything that "conflict[s]" with the district court's analysis.  *Contra* Ltr. 1.

  In *Chamber of Commerce*, the district court weighed a minimal difference in time-to-trial statistics between two venues "more heavily" than "usual[]," because the plaintiffs had "insisted that time [was] of the essence."  2024 WL 3042100 at *10.  The Fifth Circuit rejected the district court's approach, explaining that bare "part[y] assertions" about urgency cannot affect the transfer analysis; and otherwise, the plaintiffs had not established any "special circumstance" that would justify giving a minimal time-to-trial difference added weight.  *Id.*  That reasoning does not establish that a court cannot deem the court-congestion factor neutral where a "rationale for speed" is absent, *contra* Ltr. 1, as the district court did here.

  On the contrary, *Chamber of Commerce* is consistent with *Google* and the district court's analysis.  The Fifth Circuit's opinion reflects caution in according



undue weight to the court-congestion factor, which is appropriate given its "speculative" nature.  *Google*, 58 F.4th at 1383; *accord* Appx24.  Indeed, *Chamber of Commerce* similarly endorses the limited role of this factor due to its "speculative" nature.  2024 WL 3042100 at *10.

        Respectfully,

        */s/ Melanie L. Bostwick*
        Melanie L. Bostwick
        *Counsel for Petitioner Apple Inc.*