IN THE

# United States Court of Appeals for the Federal Circuit

IN RE APPLE INC.,

*Petitioner.*

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
No. 7:23-cv-00077-ADA, Hon. Alan D Albright

## APPLE INC.'S NON-CONFIDENTIAL REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Roger A. Denning
FISH & RICHARDSON P.C.
12860 El Camino Real
Suite 400
San Diego, CA 92130

Joy Backer Kete
FISH & RICHARDSON P.C.
One Marina Park Drive
Suite 1700
Boston, MA 02210

Melanie L. Bostwick
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20005
(202) 339-8400

Jeffrey T. Quilici
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
300 W. 6th Street, Suite 1850
Austin, TX 78701

Emily W. Villano
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

*Counsel for Petitioner*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................ii

INTRODUCTION ..............................................................................1

ARGUMENT ......................................................................................2

   I.    Apple Has A Clear And Indisputable Right To The
       Writ .................................................................................2

      A.   The district court clearly abused its discretion by
           imposing a heightened standard for transfer ................2

      B.   The district court had no discretion to discount
           Apple's declarations on a legally erroneous basis. ........8

      C.   The district court's analysis of the § 1404(a) factors
           was patently erroneous. ...............................................14

          1.   Sources of proof. ..................................................15

          2.   Witness convenience. ...........................................16

          3.   Local interest. ......................................................19

          4.   Court congestion. .................................................20

  II.   Mandamus Is Necessary To Prevent The Proliferation
       Of An Improper Standard. ....................................................21

CONCLUSION .................................................................................22

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF CONFIDENTIAL MATERIAL

## CONFIDENTIAL MATERIAL OMITTED

The material redacted from pages 11 and 18 of the reply name confidential third-party and Apple technology.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agfa Corp. v. Creo Prods. Inc.*,
451 F.3d 1366 (Fed. Cir. 2006) .......................................................... 14

*In re Amazon.com, Inc.*,
No. 2022-157, 2022 WL 17688072 (Fed. Cir. Dec. 15, 2022) ............ 15

*Anderson v. City of Bessemer City*,
470 U.S. 564 (1985) ............................................................................ 14

*In re Apple Inc.*,
52 F.4th 1360 (Fed. Cir. 2022) .......................................................... 16

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ..................................................... 19, 20

*In re Apple Inc.*,
No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ................ 5

*In re Apple Inc.*,
No. 2022-163, 2022 WL 16754376 (Fed. Cir. Nov. 8, 2022) ................ 7

*Celsis In Vitro, Inc. v. CellzDirect, Inc.*,
664 F.3d 922 (Fed. Cir. 2012) .......................................................... 14

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) ................................................. 3, 6, 20, 21

*Def. Distributed v. Bruck*,
30 F.4th 414 (5th Cir. 2022) ................................................................ 3

*DIRECTV, Inc. v. Budden*,
420 F.3d 521 (5th Cir. 2005) ............................................................ 8, 9

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) .......................................................... 17

*In re Google LLC,*
58 F.4th 1379 (Fed. Cir. 2023)............................... 8, 10, 11, 12, 13, 21

*In re Haptic, Inc.,*
No. 2024-121, 2024 WL 3159288 (Fed. Cir. June 25, 2024) ............... 4

*In re Hoffman-La Roche Inc.,*
587 F.3d 1333 (Fed. Cir. 2009) ......................................... 19

*In re Juniper Networks, Inc.,*
14 F.4th 1313 (Fed. Cir. 2021)....................................... 13, 19, 20, 21

*Montes v. Janitorial Partners, Inc.,*
859 F.3d 1079 (D.C. Cir. 2017) ......................................... 14

*In re Netflix, Inc.,*
No. 2022-110, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022) ................ 13

*In re Nintendo Co.,*
589 F.3d 1194 (Fed. Cir. 2009) ......................................... 5

*In re Samsung Elecs. Co.,*
2 F.4th 1371 (Fed. Cir. 2021)....................................... 19, 20

*Scramoge Tech. Ltd. v. Apple Inc.,*
No. 6:21-CV-00579-ADA, 2022 WL 1667561 (W.D. Tex.
May 25, 2022)........................................................... 7

*In re TikTok, Inc.,*
85 F.4th 352 (5th Cir. 2023) .................................... 4, 5, 21

*In re Volkswagen of Am., Inc.,*
545 F.3d 304 (5th Cir. 2008).................................... 3, 21, 22

**Statutes**

28 U.S.C. § 1404(a) ............................................... 2, 14

**Rules and Regulations**

Fed. R. Civ. P. 37(c) ................................................. 16

iii

## INTRODUCTION

Resonant does not dispute the key principles that decide this case: that Apple identified a wealth of relevant evidence and witnesses in Northern California, where the accused Taptic Engines were designed, and that Resonant's only identified basis for keeping the case in Texas is a third-party that supplies a component not even mentioned in Resonant's infringement contentions. As Apple's petition demonstrated, that record strongly favored transfer, and the district court denied transfer only by imposing an improperly heightened evidentiary burden. Apple showed why that burden constitutes a legal error amounting to a clear abuse of discretion.

Resonant largely does not respond. Instead, Resonant incorrectly attacks Apple as a uniquely bad actor, appropriately punished for so-called misconduct. Resonant even suggests, baselessly, that this case was reassigned so that Apple could not "mislead[]" a federal judge about governing law. Opp. 11. As Apple's petition demonstrated, there was no misconduct, and this Court has vindicated the exact conduct Resonant criticizes. Resonant offers no legitimate basis for the district court's treatment of Apple's venue evidence.

Apple demonstrated that transfer is clearly warranted.  This Court should grant the petition.

## ARGUMENT

## I. Apple Has A Clear And Indisputable Right To The Writ.

### A. The district court clearly abused its discretion by imposing a heightened standard for transfer.

As Apple's petition demonstrated, this Court and the Fifth Circuit have repeatedly held evidence like that presented here sufficient to warrant § 1404(a) transfer.  Pet. 18-20.  The district court denied transfer only by imposing an unlawfully heightened standard that would require movants to prove a negative proposition.  Pet. 20-21.

Resonant contends that the district court imposed no such requirement, *see* Opp. 1, 14, 33, but elsewhere concedes the point, characterizing the "issue presented" as whether Apple failed to offer "affirmative evidence that absolutely no relevant witnesses or evidence are in Austin."  Opp. 32-33.  And that is the substance of Resonant's position: unless a transfer movant provides detailed information about all activities in the transferor district—whether or not the non-moving party has suggested those activities are relevant—and affirmatively proves that none relates to the litigation, the movant is "willfully blind

[to] unfavorable evidence," Opp. 15, and its evidence in favor of transfer can be dismissed.

Resonant defends this heightened burden only by reiterating the same points the district court invoked: the movant must "adduce evidence and arguments" favoring transfer, and the transfer factors are "*relative*." Opp. 13, 15 (quoting *In re Clarke*, 94 F.4th 502, 508, 510 (5th Cir. 2024)), 21-22. As Apple demonstrated (Pet. 20-22), those features of transfer law are longstanding. And they establish only that (1) unless the movant makes *some* demonstration favoring transfer, the plaintiff's choice of forum governs, *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *see Def. Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022), and (2) an argument regarding convenience "applicable to all judicial districts can be disregarded," because it does not address which venue is "more" appropriate, *Clarke*, 94 F.4th at 510-11 & n.8 (quoting *Volkswagen*, 545 F.3d at 315).

These principles do not lead to Resonant's conclusion: that, absent "definitive proof that no evidence exists" in the transferor forum, a court cannot "perform any assessment of [the transferee forum's] relative convenience." Opp. 1, 12-15, 21-22; Appx13. Courts have performed

that assessment numerous times (applying the same, longstanding principles that Resonant emphasizes) and directed transfer on records like this one. Pet. 19, 20-21; *see also In re Haptic, Inc.*, No. 2024-121, 2024 WL 3159288, at *2 (Fed. Cir. June 25, 2024) (declining to disturb transfer where "no Apple employee in WDTX appeared to have relevant and material information"). Resonant offers no valid explanation for why transfer was called for in those cases but a heavier burden applies here.

Although Resonant does not argue explicitly that recent Fifth Circuit cases have somehow heightened a transfer movant's burden, *see* Pet. 21-22 (demonstrating that they have not), it does contend that the Fifth Circuit has "updated" transfer law in one respect. Opp. 10. According to Resonant, *TikTok* "restored the 'rigid' application of the Fifth Circuit's 100-mile rule," Opp. 8, under which "inconvenience to the witnesses increases in direct relationship to the additional distance [beyond 100 miles] to be traveled," *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023). From this Resonant concludes that Apple had to investigate every employee "east of the Mississippi River" for possible relevance. Opp. 8, 23. Even the district court declined to adopt that

reading, as Resonant admits. Opp. 23. For good reason. In *TikTok*, the Fifth Circuit was addressing the convenience of witnesses who were identified as potentially relevant. 85 F.4th at 361. A rule assessing convenience for *relevant* witnesses says nothing about whether a transfer movant must prove the *irrelevance* of *every other* employee.

Resonant further errs in asserting that it "need not produce any evidence" to defeat Apple's transfer motion. Opp. 15. The key to the transfer analysis is a weighing of the *record evidence* for and against transfer. *See, e.g., In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). Where a transfer movant establishes the convenience of the transferee forum, and the plaintiff offers "nothing on the other side of the ledger," good cause for transfer exists. *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022); *see TikTok*, 85 F.4th at 359-60 (directing transfer where "[n]either the district court nor [the plaintiff] identifies any record evidence" favoring transferor venue).

As Apple demonstrated, the district court avoided that conclusion here by engaging in the kind of speculation that recent Fifth Circuit cases have forbidden. *See* Pet. 22-23; *TikTok*, 85 F.4th at 359-60;

*Clarke*, 94 F.4th at 513-14. Resonant incorrectly characterizes the district court's "inferences" as "supported factual findings." Opp. 16. But the district court recognized that the *record* reflected a concentration of evidence and witnesses in Northern California. Appx7; Appx18-19. Its decision rested on speculative inferences about perceived *gaps* in the record. *See* Pet. 23 (quoting Appx10; Appx22; Appx26). Resonant likewise presumes that, because *Apple* did not provide the degree of evidence about its Texas activities that Resonant thinks is necessary, hypothetical evidence *would* have weighed against transfer. Opp. 15; *see* Opp. 1.

Alternatively, Resonant argues that the district court had "authority" to draw adverse inferences. Opp. 16. Its only support, however, is the district court's proposition that "reasonable inferences" must be drawn in "favor of the non-moving party" on a transfer motion. Appx9. Apple demonstrated that there is no authority for this proposition. Pet. 23-24. Resonant has no response.

Resonant also argues that speculative inferences were uniquely "justified" here because of Apple's purported "history of hiding evidence." Opp. 16. Resonant's only support for its accusation is

*Scramoge Tech. Ltd. V. Apple Inc.*, No. 6:21-CV-00579-ADA, 2022 WL 1667561 (W.D. Tex. May 25, 2022), and a second opinion that itself relies on *Scramoge*: *XR Commc'ns v. Apple Inc.*, No. 6:21-cv-00620-ADA, Dkt. 72 at 7-10 (W.D. Tex. Sept. 9, 2022).  Opp. 2-3, 7, 16-17, 33-34. That latter decision was vacated by this Court—a fact Resonant nowhere acknowledges.  *See In re Apple Inc.*, No. 2022-163, 2022 WL 16754376, at *1 (Fed. Cir. Nov. 8, 2022).  And Apple already demonstrated that *Scramoge* was wrong; that this Court has since vindicated Apple's conduct in *Scramoge*; and that *Scramoge* is inapplicable.  Pet. 29-30.  Resonant again offers no response.

Certainly, Apple did not "withhold unfavorable evidence" here. *Contra* Opp. 13, 33.  Apple never "admitt[ed]" that its Austin-based employees have "some relevance."  *Contra* Opp. 8.  Apple explained only that Austin-based employees work on some aspect of the accused products—like iPhones and MacBooks—but not on the accused technology in those products.  Pet. 10; *see* Appx228; Appx238.  When Resonant sought burdensome discovery into every Apple employee in Texas (and east of the Mississippi, and beyond) who may know something about an iPhone, Apple reasonably refused.  Appx230-231.

Apple also demonstrated that it was a clear abuse of discretion for the district court to draw adverse inferences from Apple's objections to Resonant's overbroad discovery requests. Pet. 24-26. Resonant neither showed good cause for its requested email searches (as required by the district court's rules) nor moved to compel on *any* of its requests to Apple. Opp. 2, 6-9; *see* Pet. 10, 14, 24-25; Appx12-13. Resonant does not dispute this; instead, it baselessly speculates that Apple objected not for its stated reasons—privilege, burden, and irrelevance—but to conceal unfavorable evidence. Opp. 7.

## B. The district court had no discretion to discount Apple's declarations on a legally erroneous basis.

**1.** Even if Apple were obligated to affirmatively prove an absence of evidence in Texas, Apple did just that. Pet. 6-8, 26-30. The district court had "no reason to doubt the adequacy" of Apple's declarations. Pet. 28-30 (quoting *In re Google LLC*, 58 F.4th 1379, 1384 n.2 (Fed. Cir. 2023)). Rather, the district court should have "reasonably inferred" that Apple's declarants would know where relevant evidence relating to the subject matter of their work, and other individuals working on the same subject matter, are located. Pet. 27-28 (discussing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005)).

In Resonant's view, the district court took Apple's declarations at "*face value*." Opp. 17. But consider one of Mr. Zhang's actual statements: "Neither I nor, to my knowledge, any employee who works on the Taptic Engines in the Accused Products resides or works in Texas." Appx124. Reading that to mean that Mr. Zhang is "wholly unaware … of the goings on of Apple's Texas campus," Appx10, is not a "face value" determination; Mr. Zhang said nothing like that.

Resonant fails to explain why Apple's declarations do not "affirmative[ly]" prove an absence of relevant evidence in Texas. Opp. 33; *see* Pet. 26-30. *DIRECTV* requires courts to give credence to what a person in Mr. Zhang's "position" would be "familiar" with. 420 F.3d at 530; Pet. 27-28. Resonant mischaracterizes *DIRECTV*'s holding; Mr. Zhang need not have direct "responsibility" over Austin-based Apple employees to know that none work on the Taptic Engines. *Contra* Opp. 18. Nor is his knowledge limited to Northern California or employees who share his job title, *contra* Opp. 6, 18; he identified relevant engineers who reside elsewhere, and on teams beyond his own, Appx123-124.

Moreover, Resonant ignores that Mr. Zhang supplemented his knowledge with reviews of Apple's records and discussions with other employees. Pet. 28, 30*; Appx122. In *Google*, a litigation-support manager performed a similar review, identified where relevant Google employees were located, and declared she was "not aware" of any in Texas. 58 F.4th at 1384 & n.2. This Court deemed it "unreasonable" to "steep[ly] discount[]" that declaration. *Id.* at 1384. Resonant attempts to distinguish *Google* because the record there included sworn testimony from Texas-based Google employees confirming none of them worked on the accused features. Opp. 19. But Google submitted those declarations only *after* the plaintiff identified those employees as potentially relevant. *Google*, 58 F.4th at 1384. Here, even after Apple produced a detailed list of its Austin-based employees, Resonant never identified any as potentially relevant. Appx154-221; Appx236-240; Pet. 9-10.

*Google* also forecloses Resonant's argument that declarants cannot be credited where they "hide[] … [the] methodology used for investigation." Opp. 16, 19. As Apple explained (Pet. 28-29), a similar criticism was leveled at the declarant in *Google*—and this Court

rejected it, 58 F.4th at 1384 n.2. The absence of a detailed methodology gives no "reason to doubt the adequacy" of Apple's investigations. *Id.*

Regardless, Apple did not hide methodology: If Resonant "wanted to know what type of searching" Apple's declarants conducted (Opp. 6), it could have deposed them. Resonant suggests that depositions would have been futile because Apple "asserted blanket privilege." Opp. 14-15. That is inaccurate: Apple objected to Resonant's interrogatories "to the extent" they touched on privileged information. Appx224. Apple separately objected because the request was "unduly burdensome," Appx243—a position supported by *Google*. Resonant neither narrowed its request nor moved to compel a response; its choices cannot be held against Apple.

Similarly, the Court should not accept Resonant's invitation to infer that Apple "cherry-pick[ed] declarants" because "the declarations omit Cirrus and the A9-A17/M1/M2 chips." Opp. 20; *see* Opp. 19. Resonant did not even mention Cirrus's ███████ in its complaint or infringement contentions; it asserted their relevance only *after* Apple sought transfer and prepared its supporting declarations. Pet. 34. Mr. Zhang had no reason to predict that Resonant would later argue that

these components were somehow relevant. And while Resonant's contentions cite the mere presence of a processor (the A9-17/M1/M2 chips) in each accused device, that is where the detail ends. *See, e.g.,* Appx69-70. Resonant has not explained why the design of these processors would be relevant. Rather, Resonant's own infringement contentions center the case on "Apple products with Taptic Engine technology," Appx49, and the bulk of those contentions focus on the Taptic Engines. Appx49-84. Apple declarants' focus on the accused technology Resonant actually identified does not make the declarations unreliable. In any event, even if other components have some relevance, that would reveal, "at most, a partial gap" in Mr. Zhang's investigation—*not* a "basis for substantially discounting the imbalanced nature" of where relevant witnesses and evidence are located. *Google*, 58 F.4th at 1384 n.2; *see* Pet. 28.

**2.** Resonant scarcely defends the district court's alternative holding that Apple's declarations are too "vague and generalized" to support transfer. It does not, for example, defend the district court's unlawful characterization of them as "conclusory." *See* Pet. 31-32.

Resonant also fails to distinguish *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021), and *In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *3 (Fed. Cir. Jan. 19, 2022). *See* Pet. 31. It does not matter that, in *Juniper*, relevant evidence was indisputably absent from the transferor venue, as Resonant argues, Opp. 19; what matters is that declarations (like Apple's here) locating "records relating to … research and design …, source code, and marketing, sales, and financial information" in the transferee forum are not too "vague" to support transfer, *Juniper*, 14 F.4th at 1321. Similarly, Resonant's argument (Opp. 18) that Apple's declarations are lacking in "specificity" cannot stand up to *Netflix*, where a district court's refusal to credit a similarly detailed declaration constituted "clear[] err[or]." 2022 WL 167470, at *3.

**3.** Resonant suggests that the district court's decision rests on "credibility" determinations insulated from review. Opp. 20. But the district court did not weigh credibility—it discounted Apple's declarations on a legally infirm basis. *See, e.g.*, *Google*, 58 F.4th at 1384-85; *Juniper*, 14 F.4th at 1321.

Moreover, because the district court "[r]el[ied] … on the declarations only," there was no "opportunity to judge credibility." *Montes v. Janitorial Partners, Inc.*, 859 F.3d 1079, 1085 (D.C. Cir. 2017). Deference is owed to credibility determinations based on what the trial court "saw … and heard," *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 929 (Fed. Cir. 2012) (cited at Opp. 20), but the court cannot "insulate" otherwise erroneous "findings … by denominating them credibility determinations," *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).[1]

## C. The district court's analysis of the § 1404(a) factors was patently erroneous.

Absent the fundamental legal errors outlined above, the record necessarily shows three key factors weighing strongly for transfer, with none against. Pet. 32-41. Resonant fails to rehabilitate the district court's analysis, instead reprising the same legal errors, *see* Opp. 21-33.

---

[1] Resonant's other citation involved a court deeming a party's argument not credible because it conflicted with documentary evidence. *Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006).

### 1.  Sources of proof.

The record—including sworn testimony provided by an Apple employee personally familiar with the central accused technology—demonstrates that relevant documents and physical evidence are overwhelmingly in California, not Texas.  Pet. 33-36.  Resonant neither directly disputes that "a considerable amount of evidence exists in NDCA," Appx7, nor offers evidence of a meaningful connection between this case and Texas.

Instead, Resonant chiefly responds by again attacking Apple's declarants for failing to refute any possibility of relevant evidence in Texas.  Opp. 21-23.  As demonstrated in the petition and above, this approach misunderstands the law.  Pet. 18-20; *supra* 2-5.

Beyond that, Resonant relies heavily on Cirrus—the only alleged connection to Texas it has ever identified.  But, even assuming Cirrus were relevant,[2] the "*overwhelming* presence" of sources of proof in California still favors transfer.  *In re Amazon.com, Inc.*, No. 2022-157, 2022 WL 17688072, at *4 (Fed. Cir. Dec. 15, 2022) (emphasis added).

---

[2] Resonant's mandamus opposition reflects its first, belated attempt to explain *how* Cirrus's component might be relevant.  *Compare* Opp. 4-5 *with* Appx138; *see* Pet. 34-35.

Resonant's attempt to distinguish *Amazon* repeats its unfounded accusation that Apple committed "discovery misconduct." Opp. 22; *see supra* 6-8.

Finally, Resonant asks this Court to impose discovery sanctions in the first instance. Opp. 22 (citing Fed. R. Civ. P. 37(c)). Even if that were procedurally proper, Resonant's argument is substantively meritless. Resonant cites no authority for its position (Opp. 16-17, 22; Appx146) that Apple must produce or permit Resonant to inspect any evidence Apple might rely on at trial in order to establish the location of such documents for venue purposes. *See also In re Apple Inc.*, 52 F.4th 1360, 1362 (Fed. Cir. 2022).

## 2. Witness convenience.

Resonant does not dispute the controlling facts. *See* Opp. 23-26; Appx255. Apple identified multiple relevant Apple witnesses in California, while Resonant identified none in Texas. Pet. 36-37; Appx109-111; Appx142-143. Even here, Resonant implicitly acknowledges that it requires an "inference"—that is, speculation—to conclude that any Apple employee in Texas possesses relevant knowledge. Opp. 16. Meanwhile Apple identified five California-based

suppliers of the principal accused component, while Resonant relied on a single third-party component supplier of questionable relevance to a single claim limitation. Pet. 36, 38-39.

Resonant fails even to engage with the district court's erroneous refusal to consider the many witnesses Apple identified by role and location but did not expressly name. Appx19-22. As Apple showed, naming potential witnesses is unnecessary, Pet. 37-39; movants need only show that the witnesses have "relevant and material information." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Apple made this showing, *see* Pet. 37-38, and Resonant does not substantively dispute the relevance of the team members responsible for designing the accused Taptic Engines (or meaningfully distinguish Apple's cited precedent).

Resonant's response to the district court's flawed treatment of potential third-party witnesses is equally unpersuasive. Resonant continues to insist that *eleven* Cirrus employees are "expected to testify." Opp. 25. Yet nowhere did Resonant tell the district court that these witnesses would address "the cost of components for damages apportionment" or "engineering specifications and source code" related

to a particular claim limitation.  Opp. 25; *see* Pet. 11, 37-38; Appx255-264.  The district court's ruling cannot be justified based on this new explanation.

Regardless, Resonant's newfound argument for relevance fails.  The asserted claims require specific algorithms for controlling Taptic Engine vibrations.  *See, e.g.*, Appx305-306.  And Cirrus's declarant unequivocally stated that the operation of Cirrus's ███████ Technology in Apple products depends on ████████ Technology to which Cirrus is not privy.  Appx269-270.

Even if Cirrus has some relevance, Resonant cannot defend the district court's counting of 11 potential witnesses from Cirrus—but *not* the California-based Cirrus employee who submitted a declaration— while counting only one witness from each third-party that supplies the accused Taptic Engines.  It simply insists, incorrectly, that only *named* witnesses count.  *See* Pet. 38-39; Opp. 26; *supra* 17.

Finally, Resonant again faults the district court for not going far enough.  It suggests that *TikTok* somehow required Apple to exhaustively investigate every employee east of the Mississippi.  Opp. 23-24.  As demonstrated above (at 4-5), that is incorrect.

### 3.     Local interest.

The place where allegedly accused features were "researched,
designed, and developed" has the greatest local interest in a patent suit.
*In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021); *see also*
*In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020); *Juniper*, 14 F.4th
at 1317, 1319-21.  Apple's sworn declarations demonstrated that these
activities occurred overwhelmingly in California.  Pet. 40; Appx123-124.
Yet the district court improperly discounted this evidence, credited
speculation about development that *might* have occurred in Texas, and
deemed this factor neutral.  Pet. 40.

Resonant defends the district court's error by insisting,
incorrectly, that recent Fifth Circuit cases "overruled" this Court's
analysis of local interest.  Opp. 27.  But *In re Hoffman-La Roche Inc.*,
which Resonant endorses (Opp. 27), supports *Apple*'s position; because
Resonant's allegations "call[] into question the work and reputation" of
Taptic Engine developers in Northern California, that district's "local
interest in this case remains strong."  587 F.3d 1333, 1336 (Fed. Cir.
2009).  *Clarke* does not alter that rule—research, design, and
development of accused functionality are all "*events*" that bear directly

on this case. 94 F.4th at 511. Resonant's argument (Opp. 27) that sales of an accused product are the only relevant event would eviscerate this factor in patent cases. And it is flatly contrary to this Court's precedent, which remains good law. *See Samsung*, 2 F.4th at 1380; *Apple*, 979 F.3d at 1345; *Juniper*, 14 F.4th at 1317.

Resonant's next response invites the same improper speculation as to Apple's design work in Austin that the district court employed. *See, e.g.*, Opp. 28-29; Pet. 10-11; *supra* 6-8. And Resonant's discussion of Cirrus fares no better. As noted above (at 11-12, 15 & n.2), Resonant offers little if any evidence that Cirrus's components are related to infringement. But even supposing Cirrus is minimally relevant, the "relevant events leading to the infringement claims here," which as discussed above focus on Taptic Engines, still "took place largely in Northern California." *Samsung*, 2 F.4th at 1380.

### 4. Court congestion.

Resonant argues that the district court should have weighed time-to-trial statistics in favor of transfer. Opp. 30-31. But court congestion is "not particularly relevant" to transfer—especially where, as here, the parties do not compete in the marketplace. Appx24-25; *see, e.g.*,

*Juniper*, 14 F.4th at 1322.  Despite Resonant's protests, Opp. 31, nothing in *TikTok* (a non-patent case) conflicts with that precedent.  85 F.4th at 363-64 & n.13 (finding clear abuse of discretion in weighing this factor against transfer).  Moreover, Resonant's reliance on a single California case (Opp. 30) underscores why this Court and the Fifth Circuit have rightly deemed this factor "speculative."  *Google*, 58 F.4th at 1383; *Clarke*, 94 F.4th at 515.  Similarly lengthy timelines exist in the Western District of Texas.  *See, e.g.*, *Fintiv, Inc. v. Apple Inc.*, No. 1:21-cv-00896-ADA (W.D. Tex.) (complaint filed December 2018, final judgment June 2023).

## II. Mandamus Is Necessary To Prevent The Proliferation Of An Improper Standard.

Resonant's arguments for why mandamus is inappropriate (Opp. 33-35) illustrate its necessity here.  At stake is not a fact-specific dispute or exercise of discretion, but the imposition of a "*per se*" evidentiary standard for transfer.  Opp. 33.  That will have "importance beyond the immediate case."  *Volkswagen*, 545 F.3d at 319; *see* Pet. 41-43.  Resonant makes crystal-clear how the district court's decision will be weaponized to compel exhaustive investigations into a defendant's operations anywhere in the country.  If the defendant refuses, courts

may misconstrue such refusals as an effort to hide unfavorable evidence. And plaintiffs will be free to "abus[e] their privilege" of choice of venue to "subject[] defendants to venues that are inconvenient." *Volkswagen*, 545 F.3d at 313.

## CONCLUSION

The Court should grant Apple's petition.

Respectfully submitted,

*/s/ Melanie L. Bostwick*

Roger A. Denning
FISH & RICHARDSON P.C.
12860 El Camino Real
Suite 400
San Diego, CA  92130

Joy Backer Kete
FISH & RICHARDSON P.C.
One Marina Park Drive
Suite 1700
Boston, MA  02210

Melanie L. Bostwick
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20005
(202) 339-8400

Jeffrey T. Quilici
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
300 W. 6th Street, Suite 1850
Austin, TX  78701

Emily W. Villano
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019

*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE

The reply complies with the type-volume limitation of Fed. Cir. R. 21(b) because this reply contains 3,899 words.

This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this reply has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Petitioner*

**CERTIFICATE OF CONFIDENTIAL MATERIAL**

The reply contains 2 unique words and numbers marked as confidential, not previously marked as confidential in this case's briefing.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Petitioner*